**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KIP BRAILEY,<br>          Appellant, | DOCKET NUMBER<br>DC-0752-19-0391-I-1 |
| v. | |
| DEPARTMENT OF THE TREASURY,<br>          Agency. | DATE:  April 26, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

William A. Lichtenfels, Esquire, Guilford, Connecticut, for the appellant.

Joseph Capone, Cynthia Clark, and Phillip John Dickerson, Esquire, Vienna, Virginia, for the agency.

Adrienne F. Boone, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the agency's indefinite suspension action based on his failure to maintain eligibility to access classified information and to maintain a security clearance.  Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

For the reasons provided in the initial decision, we agree with the administrative judge's finding that the appellant received sufficient notice under 5 U.S.C. § 7513(b) to be able to make a meaningful response to the underlying suspension of his security clearance and access to classified information. Initial Appeal File (IAF), Tab 33, Initial Decision (ID) at 11-13. In particular, she found that the agency informed the appellant that the suspension of his security clearance and access to classified information was based on his alleged conduct in the workplace that led to his removal from duty and placement on administrative leave. *Id.* She further found that the nature of his alleged conduct was clear to him based on his awareness of a detailed search warrant that was executed against him at the workplace and a newspaper article discussing an ongoing investigation related to his employment. *Id.*

On petition for review, the appellant challenges the administrative judge's finding that he received sufficient notice under 5 U.S.C. § 7513(b) by raising the following arguments: (1) the agency's notices regarding the suspension of his access to classified information and his indefinite suspension did not mention any

investigation, complaint, warrant, or newspaper articles; (2) the search warrant did not contain any detailed information regarding his alleged conduct; and (3) the administrative judge mischaracterized the nature of his attorney's comments in a newspaper article. Petition for Review (PFR) File, Tab 1 at 6-7, 11-13.[2] In addition, he relies on *Cheney v. Department of Justice*, 479 F.3d 1343, 1352-53 (Fed. Cir. 2007), in which our reviewing court found that the employee was not provided with the opportunity to make a meaningful response to the notice of proposed indefinite suspension when he had to guess at the reasons for his security clearance suspension. PFR File, Tab 1 at 9-10.

After considering the appellant's arguments and reviewing the record, we discern no basis to disturb the administrative judge's well-reasoned findings. Specifically, the record reflects that the search warrant included an attachment specifying the nature and time period of the appellant's allegedly unlawful conduct in the workplace. IAF, Tab 14 at 14-19. Further, the appellant has failed to provide a reason to disturb the administrative judge's finding that his testimony that he did not recall receiving a search warrant or being made aware of one lacks credibility. ID at 12; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's credibility findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions). Moreover, the appellant does not dispute that the agency provided his attorney with a copy of the search warrant with the notice of proposed indefinite suspension and that his attorney referenced the warrant in his written reply to the proposed action. ID at 6, 12; IAF, Tab 5 at 37, 39. In addition, we find that any mischaracterization of his attorney's comments in the newspaper article is immaterial because it does not provide a reason to disturb the administrative judge's finding that the appellant was aware of the ongoing investigation related to his employment after reading the article.

---

[2] With his petition for review, the appellant has included a copy of the hearing transcript that already is a part of the record before the administrative judge. PFR File, Tab 1 at 17-157; IAF, Hearing Transcript.

ID at 5, 13; IAF, Tab 14 at 49-53. Therefore, unlike in *Cheney*, we find that the appellant here did not have to guess at the reasons for his security clearance suspension.

Further, the appellant generally asserts on review that the Board denied him the ability to obtain information about the basis of his suspension through discovery, citing *Mason v. Department of the Navy*, 70 M.S.P.R. 584 (1996). PFR File, Tab 1 at 14. Unlike in *Mason*, 70 M.S.P.R. at 587-88, the agency here provided specific information prior to the hearing regarding the appellant's alleged conduct that led to the suspension of his security clearance and access to classified information. IAF, Tab 14 at 10-55. Although the appellant subsequently filed a renewed motion to compel to depose two agency witnesses, IAF, Tab 18 at 4-6, the administrative judge stated in the Order and Summary of Prehearing Conference that the parties were able to resolve the motion to compel and that they arrived at stipulations prior to the prehearing conference, IAF, Tab 20 at 2. Moreover, the appellant did not object to the contents of such summary prior to the start of the hearing despite being informed that he could do so. *Id.* at 5; IAF, Hearing Transcript at 5-8. Therefore, we find that the appellant's argument regarding discovery is unavailing.

Finally, the appellant argues that the administrative judge failed to consider his past work record. PFR File, Tab 1 at 5-6. In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board recognized that an employee's past work record is one of 12 nonexhaustive factors that are relevant for consideration in determining the appropriateness of an imposed penalty for alleged misconduct. For the reasons provided in the initial decision, we agree with the administrative judge's finding that the *Douglas* factors do not apply to this case. ID at 14; *see Munoz v. Department of Homeland Security*, 121 M.S.P.R. 483, ¶¶ 15-16 (2014). Thus, we discern no error in the administrative judge's failure to consider the appellant's past work record.

Accordingly, we affirm the initial decision.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____

                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.